# THOMAS J. VANBRUNT

## *v.*

# DAVID SINGLEY.

1. ERROR—*not cause of reversal if not material.* Although an item of evidence may be improperly admitted, and an instruction improperly modified, yet, if such evidence and such modification are not of a material character, the judgment will not be reversed.

2. FRAUD AND CIRCUMVENTION—*in procuring execution of note.* Where the proof, in an action on a promissory note by the assignee against the maker, showed that the defendant was unable to read either writing or print, and could barely write his name, and, while at work in his field, he was approached by two patent-right agents, and urged to become an agent for the sale of certain plows, and to take a lease for such purpose for the term of five years, to which he finally consented, and signed the lease and two or three other papers, for the sole purpose, as he understood and was informed, of making him agent, no note being required or mentioned, but it turned out that, by this means, he, in fact, signed the note, without any idea he was so doing, it was *held*, that the proof sustained a verdict finding for the defendant, on the ground of fraud and circumvention in procuring the execution of the note.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

This was an action of assumpsit, brought by Thomas J. Vanbrunt, as assignee of R. R. Fenner & Co., against David Singley, upon a promissory note, as follows:

"$336.                    MASON COUNTY, ILL., *Oct.* 23, 1872.

"Four months after date, we, or either of us, promise to pay R. R. Fenner & Co., or order, or before, if made out of the sale of Fenner's improved stubble and sub-soil plow, three hundred and thirty-six dollars, payable in bank, with ten per cent interest per annum, and five per cent attorney's fees if suit is brought hereon, for value received, waiving valuation and appraisement law.

"DAVID SINGLEY."

The assignment on the back of the note bore date October 26, 1872.

Several pleas were filed, but, by stipulation of the parties, all were withdrawn, except the general issue, with the agreement that all matters of defense, by way of fraud and circumvention in procuring the execution of the note, might be given in evidence under the general issue, and that the plaintiff might rebut the same as though proper pleas and replications were filed.

The circumstances under which the note was given, as detailed by the defendant, are as follows: He could not read either writing or print, and could barely write his name. He was about forty rods from his house when approached by Van Horn and Bernard, the agents who took the note. They came in a light wagon, with a patent plow on behind, and solicited the defendant to take the agency for the sale of the plows for four townships, and told him he must sign a lease, or agreement, to become agent. He informed them he was no scholar, and wanted to go to the house, that his daughter might read the papers, but they declined, saying they were in a hurry. After much talk, the defendant signed the papers, which were represented as being an agreement for an agency and an order for some plows. He is positive that a note was never mentioned, and had no idea he was signing anything of the kind. These men carried with them blank leases and orders, and, it also seems, notes. The printed lease recites that the party of the second part had carefully examined the agreement, and fully understood its conditions, and that the note he gave to the party of the first part, of the same date, for the sum of $336, was for the consideration of the lease, and for no other; that he had carefully examined the contract before signing the same, and that he gave the note therein described for the consideration therein set forth, and no other, and with no other understanding.

After reading the lease, or agreement, in evidence, the defendant read the papers marked 3 and 4, against plaintiff's objection, which are as follows:

"No. 3.                  *October* 23, 1872.

"*R. Hanny & Co., Peoria, Illinois, Manufacturers of Fenner's Improved Stubble and Trench Plow :*

"I, ——, do hereby order 48 plows, I having leased four townships for five years, having contracted the selling of 48 plows, to be furnished at agents' prices.

"R. R. FENNER."

"No. 4.                  *October* 25, 1872.

"On delivery at Peoria, R. Hanny & Co., 1872, of Fenner's improved stubble and trench plow, one 12 inch, I promise to pay shop price, or order, the sum of $15, with interest at the rate of ten per cent after due.

"DAVID SINGLEY."

The defendant further testified: "When I first saw Van Horn and Bernard, they came to me in my orchard. The first thing they said to me was, they wanted me to act as agent, and sell plows. We talked a long time about it. I was to try to sell 48 plows, and was to pay them $336. They were to send me a sample plow to Manito, and, if I did not sell 48 plows, I was to give them up their papers and they were to give me mine, or give me longer time in which to sell. There was nothing said as to how I was to secure them for the $336. They did not ask any security. There was nothing said about any note, nor was any read to me; I swear to that positively. I remember of giving them a property statement, and signing my name on the back of the note. They said it was an agreement to make me agent."

The jury found a verdict for the defendant, upon which the court rendered judgment, overruling a motion by the plaintiff for a new trial.

Messrs. FULLERTON & WALLACE, for the appellant.

Mr. S. C. CONWELL, and Mr. JOHN W. PITMAN, for the appellee.

Per CURIAM: This was an action by appellant, against appellee, as maker, upon a promissory note payable to R. R.

Fenner & Co., and by them assigned to appellant before maturity. The defense set up was, fraud and circumvention in obtaining the making and executing of the note.

It is insisted the verdict was against the evidence, and that the court erred in admitting evidence and in giving an instruction and modifying another.

It was testified by the defendant, that he, being a farmer, unable to read or write English, further than to write his name, when at work in his field was approached by a patent-right agent, and solicited to become an agent for the sale, etc., in four certain townships in Mason county, of Fenner's improved stubble and sub-soil plow, and take a lease for such purpose for the term of five years; that he consented, and signed the lease and some two or three other papers, for the sole purpose, as he understood, of having himself constituted such agent; that he had no idea of signing any note, nor was there any talk whatever in regard thereto, but some how, his signature was got to the note on this occasion.

Upon an examination of all the testimony in the case, we find no sufficient reason why the verdict should be set aside on the ground of its not being sustained by the evidence. The instruction complained of as having been given, appears from the amended record not to have been given.

We find an error in the admission of one item of evidence, and in the modification objected to of one instruction; but we do not regard the same as of so material a character that it should cause a reversal of the judgment, and it is affirmed.

*Judgment affirmed.*